UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TAYLOR,

       Petitioner,                                  Case Number: 12-CV-15624

v.                                                     Honorable Patrick J. Duggan

WILLIE SMITH,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Petitioner James Taylor's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion concerns the Court's denial of habeas relief on February 27, 2015, and Petitioner's subsequent failure to timely file a notice of appeal or seek an extension of time to file a late appeal within the prescribed time for doing so. Petitioner asks the Court to vacate and reinstate its judgment dismissing his petition, which would restart the thirty-day time period to file a notice of appeal. He argues that prison staff prevented him from timely filing a notice of appeal under Fed. R. App. P. 4(a)(1)(A) or a motion for extension of time under Fed. R. App. P. 4(a)(5)(A).

Petitioner was convicted in 2008 of assault with intent to commit great bodily harm less than murder. After exhausting his state-court appeals, Petitioner filed a habeas corpus petition in this Court. The Court denied the petition on February 27, 2015. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed

with the district court "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Petitioner failed to comply with that time limit. Rule 4(a)(5) allows a district court to extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Petitioner did not file a motion to extend the time to file a notice of appeal.[1] Instead, he asks the Court to use its equitable powers under Rule 60(b)(6) to vacate the prior judgment and reenter it, thereby restarting the clock on the time to appeal.

---

[1] Rule 4(a) also provides that a district court may reopen the time to appeal in limited circumstances:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>>
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Petitioner does not claim that he failed to receive notice of the Court's decision denying habeas relief. Consequently, this provision is inapplicable.

2

Rule 60(b)(6) authorizes a court to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] ... courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (quotation omitted). While "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), the Sixth Circuit recently recognized that "Rules 4(a)(1) and 4(a)(5) do not deprive the district court of jurisdiction to vacate and reinstate" the denial of a habeas petition where equitable relief is appropriate under Rule 60(b). *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015).

In *Tanner*, the Sixth Circuit found extraordinary circumstances warranted granting the petitioner relief under Rule 60(b)(6). To understand the reasoning behind the Sixth Circuit's holding, it is necessary to review in considerable detail the circumstances leading to the decision. The district court's judgment denying Tanner's habeas corpus petition was entered on November 8, 2005, making her notice of appeal due no later than December 8, 2005. *Id.* at 443. Tanner, who is functionally illiterate, sought assistance from a prison writ-writer. *Id.* at 436. The prison legal assistant helped Tanner request her prison account information, which she needed to append to her application to proceed *in forma pauperis*. When the legal assistant received the document on December 5, 2005, Tanner's housing unit was on lockdown. The legal assistant attempted to meet with Tanner on December 6, 2005, so that Tanner could sign the legal papers. Tanner asked two prison guards for permission to go to

3

the law library so that she could sign the papers. She told both guards that her ability to file a timely appeal was at risk; they refused her request. *Id.* The lockdown was lifted on December 8, and Tanner promptly signed her legal documents and sent them to the mailroom for handling as expedited legal mail. *Id.* Her legal mail reached the mailroom on December 9, and was considered by the Sixth Circuit as filed on that date. *Id.* The district court failed to recognize that the notice of appeal was untimely, docketed the notice of appeal and granted a certificate of appealability. *Id.* at 436-37. Petitioner did not learn her notice of appeal had been untimely until it was docketed with the Court of Appeals on January 9, 2006, two days beyond the time for filing a timely request for an extension of the thirty-day period for filing a notice of appeal. *Id.* at 437. The Court of Appeals found the appeal untimely and dismissed the appeal for lack of jurisdiction. *Id.*

Tanner then filed a civil rights action under 42 U.S.C. § 1983, against the prison guards who prevented her from timely filing a notice of appeal during the lockdown. A jury found that the guards' actions caused Tanner's late-filed notice of appeal and awarded her $20,000 in compensatory damages and $7,000 in punitive damages. *Id.* Tanner then returned to district court and filed a motion for relief from judgment under Rule 60(b)(6). She asked the district court to vacate and then reinstate its judgment dismissing her habeas petition because, she argued, "it would be a miscarriage of justice if the district court permitted the prison guards' conduct – verified as unconstitutional by the jury's verdict in her civil rights case – to cause her to lose her right to appeal." *Id.* The district court denied the motion, finding both that Rule 60(b) cannot be used as a means to circumvent Rule 4's

time restrictions and, that, even if relief was available under Rule 60(b), Tanner failed to show exceptional circumstances warranting equitable relief. *Id.* at 437-438. The Sixth Circuit reversed the district court's decision, holding that equitable relief was available under Rule 60(b) and that "[t]he extraordinary circumstances [warranting such relief] should have been obvious to the [district] court." *Id.* at 443. The Court of Appeals reasoned that to hold otherwise would, in effect, have been "to acquiesce in the unconstitutional conduct of prison guards" who delayed Tanner's ability to file an appeal. *Id.* at 439. The Court of Appeals further noted that Tanner, who was functionally illiterate, demonstrated diligence at each step of her long path of litigation. *Id.* 443. Given the "rare" circumstances of Tanner's case, *id.* at 444, the Court of Appeals ordered the district court to vacate its judgment dismissing the petition and re-enter the judgment, starting anew Rule 4(a)(1)(A)'s thirty-day time limit.

Petitioner in this case argues that his situation is similar to that of Tanner's and the Court should therefore grant his motion. Petitioner had until March 27, 2015 to file a timely notice of appeal and until April 27, 2015, to file a request for extension of time to file notice of appeal. He claims that the prison librarian refused to make copies of his notice of appeal because he had insufficient funds to pay for the copies and prison guards denied his request for paper so that he could hand copy the documents. He blames his failure to file a timely notice of appeal or request for an extension on the foregoing. The Court finds that Petitioner's situation is distinguishable from that of Tanner's.

Petitioner received timely notice of the Court's decision denying his habeas petition. He sought the assistance of an attorney who, on April 7, 2015, mailed Petitioner a motion to

5

extend the time for filing a notice of appeal and a notice of appeal, for Petitioner to copy and file. Petitioner was transferred to a different facility before receiving the papers. The papers were ultimately forwarded to him, but Petitioner does not specify when he received them. Petitioner states that the facility librarian refused to copy his completed forms because Petitioner did not have the funds to pay for copies and suggested that he hand-copy the papers, but guards refused to give him paper. He then mailed his papers to the attorney and asked that she make copies. The attorney, however, never received these papers. These allegations, all contained in the motion and in Petitioner's attached affidavit, do not claim conduct sufficiently egregious to warrant equitable relief.

In contrast to the petitioner in *Tanner*, Petitioner here has not achieved a favorable holding in a § 1983 case. His allegations that he was refused copies and paper are unsupported by disbursement forms, kites, or copy requests. He does not indicate the dates on which he requested copies or paper. He failed to exhibit the diligence of Tanner when, although aware of the filing deadlines, he waited over two months after the time for filing a motion for extension of time to file a notice of appeal expired to file the pending motion. In sum, Petitioner fails to show that his circumstances are sufficiently extraordinary and distinct from those of other prisoners to warrant relief under Rule 60(b)(6).

Accordingly, the Court **DENIES** Petitioner's Motion for Relief from Judgment.

                                                       s/Patrick J. Duggan
                                                       Patrick J. Duggan
                                                       United States District Judge

Dated:  October 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2015, by electronic and/or ordinary mail.

                             s/Marilyn Orem
                             Case Manager


Copie to:
James Taylor, #251036
8585 N. Croswell Rd.
St. Louis, MI. 48880

Elizabeth Rivard, Esq.
Laura Moody, Esq.